<pre>
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
</pre>

ROBERT EUGENE BARRY,

                Petitioner,

    v.

GARY SIMPSON,

                Respondent.

CASE NO. 3:18-cv-06003-BHS-JRC

ORDER TO SHOW CAUSE

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Robert Eugene Barry, represented by counsel, filed the petition pursuant to 28 U.S.C. § 2254. Because it appears petitioner may not be in custody as required by § 2254, the Court directs petitioner to show cause why the Court should not recommend dismissal of this habeas petition for lack of subject matter jurisdiction.

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, when a petition is filed:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In order to acquire habeas relief pursuant to § 2254, the petitioner must be "in custody pursuant to the judgement of a State court . . . ." 28 U.S.C. § 2254(a). Failure to show the petitioner is in custody deprives the district court of subject matter jurisdiction. *Maleng v. Cook*, 490 US. 488, 490 (1989). A petitioner is "in custody" when the petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). The Supreme Court has recognized that individuals such as parolees and convicts released on their own recognizance pending sentencing are "in custody" for purposes of habeas corpus. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). However, the Ninth Circuit has held that "the Washington sex offender law [which requires individuals convicted of certain crimes to register as sex offenders] does not place [a petitioner] 'in custody' for purposes of federal habeas corpus." *Id*. at 1184.

Here, petitioner has indicated that his "Place of Confinement" is "Registered sex offender." Dkt. 1, p. 1. Petitioner has included no other information indicating whether he is physically incarcerated in prison or otherwise restrained pursuant to parole or community custody. Because petitioner has only stated that he is "in custody" because he is a registered sex offender, the Court finds that petitioner has not yet shown he is "in custody" within the meaning

of § 2254. Thus, the Court finds that it may not have subject matter jurisdiction to make a determination as to this habeas petition on the merits.

Therefore, it is ORDERED:

Petitioner must show cause on or before February 1, 2019 why the Court should not recommend his habeas petition be dismissed for lack of subject matter jurisdiction because petitioner is not "in custody" within the meaning of § 2254.

Dated this 28th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge