UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Robert Eugene Barry,

                Petitioner,

v.

Gary Simpson,

                Respondent.

CASE NO. 3:18-cv-06003-BHS-JRC

ORDER

     The District Court has referred this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

     Petitioner was convicted of child molestation and seeks relief from his state court conviction. Dkt. 1. The parties agree that the petition is untimely. Dkts. 9, 16, 18. However, petitioner asserts that he is entitled to equitable tolling because his appellate counsel, Mitch Harrison, abandoned him and failed to file his personal restraint petition ("PRP"). Dkt. 9 at 5. Respondent argues that petitioner did not hire his appellate counsel to file a federal habeas

petition, that petitioner knew of the abandonment prior to the expiration of the federal statute of limitations, and that he did not show that Mr. Harrison's misconduct prevented petition from filing a timely federal habeas petition. Dkt. 16 at 12. In the traverse, petitioner argues that Mr. Harrison promised "continued representation." Dkt. 18 at 3. Petitioner argues that he was abandoned by Mr. Harrison during his appellate proceedings. Dkt. 18 at 4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir. 2005).

The Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631 (2010) references several lower court cases where an attorney's unprofessional conduct was egregious and constituted extraordinary circumstances that justified equitable tolling. These cases involved a persistent lack of communication, failure to return the client's files, among other serious forms of professional misconduct. *Id.* at 651. An attorney's "virtual abandonment" of a client may constitute an extraordinary circumstance because "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Maples v. Thomas,* 132 S.Ct. 912, 923 (2012; *see also Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir. 2003). By contrast, attorney negligence such as missing a filing deadline does not warrant equitable tolling. *Holland,* 560 U.S. at 651-52 (internal citation omitted); *Irwin v. Dept. of Veteran Affairs,* 498 U.S. 89, 96 (1990).

Here, petitioner argues that he was abandoned by Mr. Harrison when Mr. Harrison failed to file petitioner's PRP, despite his statement that he would continue to work on petitioner's case

*pro bono* and informed petitioner that he would fight the case all the way to the United States Supreme Court. Dkts. 8 at 12; 9 at 13. However, based on the record before the Court, it is not clear whether Mr. Harrison was retained or otherwise agreed to represent petitioner in his federal habeas proceedings, warranting equitable tolling of the AEDPA limitations period. In order to further develop the record regarding the communications between petitioner and Mr. Harrison, the Court orders petitioner to file a supplemental brief explaining the frequency and nature of his communications with Mr. Harrison during the time period from the filing of petitioner's direct appeal until December 7, 2018, when petitioner filed his federal habeas petition. Petitioner should specify whether he communicated with Mr. Harrison about his federal habeas petition and whether petitioner retained Mr. Harrison to represent him in his federal habeas proceedings. The Court orders petitioner to attach copies, if any, of all relevant correspondence to and from Mr. Harrison such as, for example, communications concerning whether petitioner retained Mr. Harrison to represent him during his federal habeas proceedings, whether Mr. Harrison agreed to represent petitioner during habeas proceedings, and whether petitioner ever requested that Mr. Harrison send him the case file in order for petitioner to prepare his federal habeas petitioner.

Petitioner shall file the supplemental brief by August 15, 2019. Respondent may file and serve a reply no later than August 23, 2019. The Clerk is directed to re-note the petition for the Court's consideration on August 23, 2019.

Dated this 15th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge