UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Robert Eugene Barry,

                 Petitioner,

    v.

Washington State Department of Corrections et. al,

                 Respondents.

CASE NO. 3:18-cv-06003-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 1, 2019

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    The Court concludes that the petition was filed after the statute of limitations. Although petitioner contends that he is entitled to equitable tolling of the limitations period due to the abandonment of his post-conviction counsel, the time that would be equitably tolled is not enough to make this petition timely. Therefore, the Court recommends that the petition be dismissed with prejudice as time-barred.

BACKGROUND

On May 9, 2012, petitioner was found guilty by jury verdict in Kitsap County Superior Court of first degree child molestation. Dkt. 17, Exhibit 1, Judgment and Sentence. Petitioner was sentenced to a minimum term of 68 months and a maximum term of life. *Id.* The Washington Court of Appeals affirmed petitioner's convictions. Dkt. 17, Exhibits 2, 5.

Petitioner file a petition for review in the Washington Supreme Court. Dkt. 17, Exhibit 6. The Washington Supreme Court granted review. Dkt. 17, Exhibit 7. Petitioner hired a new attorney, Mitch Harrison, who filed a supplemental brief. Dkt. 17, Exhibits 8, 9. The Washington Supreme Court affirmed the conviction on June 4, 2015. Dkt. 17, Exhibit 3. The state court issued the mandate on June 29, 2015. Dkt. 17, Exhibit 10. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

In June 2017, petitioner, represented by a new attorney, Casey Arbenz, moved to recall the mandate, arguing that his prior attorney, Mr. Harrison, abandoned him after the Washington Supreme Court issued its opinion. Dkt. 17, Exhibits 11, 12, 13. The Washington Supreme Court denied the motion on September 6, 2017. Dkt. 17, Exhibit 14.

On January 18, 2018, petitioner, represented by Mr. Arbenz, filed a personal restraint petition ("PRP") alleging that counsel provided ineffective assistance by not filing a timely PRP, and not raising a Fourteenth Amendment due process claim. Dkt. 17, Exhibits 15, 16. Petitioner did not argue that any of the exceptions contained in RCW 10.73.100 applied or that he was entitled to equitable tolling under state law. *See id.* The Washington Court of Appeals dismissed the petition as untimely. Dkt. 17, Exhibit 17.

Petitioner filed a motion for reconsideration. Dkt. 17, Exhibit 18. Petitioner argued that Mr. Harrison's abandonment after the Washington Supreme Court issued the decision on direct

appeal should equitably toll the time bar statute. Dkt. 17, Exhibit 18. The state courts treated the motion for reconsideration as a motion for discretionary review because the order dismissing the PRP was not subject to a motion for reconsideration. Dkt. 17, Exhibit 19. The Washington Supreme Court denied review on August 27, 2018. Dkt. 17, Exhibit 20. The Washington Supreme Court held that the Washington Court of Appeals correctly dismissed the PRP as time-barred and declined to consider the equitable tolling argument because petitioner had not previously raised the issue. Dkt. 17, Exhibit 20 at 2-3. In the alternative, the Washington Supreme Court determined that the underlying claim of ineffective assistance of counsel failed on the merits because petitioner did not show prejudice. Dkt. 17, Exhibit 20 at 3-4. The state court issued a certificate of finality on October 23, 2018. Dkt. 17, Exhibit 20.

Petitioner signed his federal habeas petition (the "petition") on December 5, 2018, Dkt. 1 at 15, and it was filed with this court on December 7, 2018, Dkt. 1. Respondent filed an answer to the petition, asserting that the petition was filed after the statute of limitations period expired. Dkt. 16. Respondent maintains that the petition is time-barred and should be dismissed with prejudice. Dkt. 16. In the alternative, respondent argues that the petition is unexhausted and procedurally defaulted and should be dismissed on the merits. *Id.* Petitioner filed a traverse, conceding that the petition is untimely, but arguing that he should be entitled to equitable tolling of the statute of limitations because petitioner was abandoned by his counsel, Mr. Harrison, at the state-court level. Dkt. 18.

On July 15, 2019, the Court found that based on the record, it was not clear whether Mr. Harrison was retained or otherwise agreed to represent petitioner in his federal habeas proceedings warranting equitable tolling of the federal statute of limitations and ordered petitioner to file a supplemental brief on or before August 15, 2019 addressing the frequency and

nature of the communications with Mr. Harrison between the time of petitioner's direct appeal and December 2018 when petitioner filed his federal habeas petition. Dkt. 19. The Court directed petitioner to specify whether he communicated with Mr. Harrison about filing a federal habeas petition and whether petitioner retained Mr. Harrison to represent him in the federal proceedings. Dkt. 19 at 3. The Court also directed petitioner to attach copies of all relevant correspondence between petitioner and Mr. Harrison, including communications regarding the filing of a federal habeas petition. *Id.*

Petitioner did not file a supplemental brief or copies of any correspondence. *See* Dkt. Rather, on August 16, 2019, petitioner filed a declaration from himself and Sandie Barry. Dkts. 21, 22. Respondent filed a reply on August 21, 2019. Dkt. 23.

EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. *See Gandarela v. Johnson,* 286 F.3d 1080, 1086–87 (9th Cir. 2001) (holding that, because the affidavits proffered by the petitioner in support of his actual innocence claim "speak for themselves" and petitioner "failed to show what more an evidentiary hearing might reveal of material import on his assertion of actual

1    innocence," the district court had not abused its discretion in finding that an evidentiary hearing
2    was unnecessary), *cert. denied,* 537 U.S. 1117, (2003).
3          The Court finds that it is not necessary to hold an evidentiary hearing in this case because
4    the petition may be resolved on the existing state court record.

**DISCUSSION**

6          The parties agree that his petition is untimely. Dkts. 16, 18. Nevertheless, petitioner
7    argues that he is entitled to equitable tolling because he was abandoned by his post-conviction
8    attorney, Mr. Harrison. Dkt. 18.

9          **A. Statute of Limitations - 28 U.S.C. § 2244(d)**

10         The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a statute of
11   limitations for petitions filed by prisoners challenging their custody under a state court judgment
12   and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April 24,
13   1996, the statute generally begins to run from "the date on which the judgment became final by
14   conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §
15   2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes
16   and the judgment becomes final either upon the expiration of the time for filing a petition for
17   writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for
18   certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The time period for seeking
19   certiorari is ninety days, according to the Supreme Court Rule 13. *Id.* However, the judgment
20   becomes final on an earlier date where the direct review has terminated prior to reaching the
21   state's highest court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*,
22   264 F.3d 894 (9th Cir. 2001). If the petitioner never files a timely direct review, the direct

1  review process concludes upon expiration of time for seeking such review, and the judgment
2  becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

3      In this case, on direct appeal, the Washington Supreme Court issued its opinion on direct
4  appeal on June 4, 2015. Dkt. 17, Exhibit 3. Petitioner did not seek review with the United States
5  Supreme Court, and the time for doing so expired on September 2, 2015. S. Ct. Rule 13(1). Thus,
6  the AEDPA's one-year statute of limitations began running on September 2, 2015. 28 U.S.C. §
7  2244(d)(1)(A) (The limitation period shall run from the date on which the judgment became final
8  by the conclusion of direct review or the expiration of the time for seeking such review);
9  *Gonzalez*, 132 S. Ct. at 653-54.

10      **B.  Statutory Tolling**

11      As an initial matter, the Court notes that petitioner does not explicitly argue that this
12  petition is subject to statutory tolling. Dkts. 8, 9, 18. Rather, petitioner generally argues that
13  petitioner is entitled to equitable tolling of his petition based on Mr. Harrison's abandonment. *Id.*
14  In Ground One, petitioner argues that the one-year requirement to file a PRP in state court should
15  be equitably tolled based on Mr. Harrison's abandonment. Dkt. 9 at 5.

16      If during the limitations period a "properly filed application for state post-conviction or
17  other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see*
18  *Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

19      Here, petitioner's motion to recall the mandate did not act to toll the limitation period
20  because it did not constitute a collateral challenge under state law that is subject to statutory
21  tolling. Instead, it was an unsuccessful attempt to reopen petitioner's direct appeal. *See* RCW
22  10.73.090(2) (defining "collateral attack" as "any form of post-conviction relief other than a
23  direct appeal"); *see also Wall v. Kholi*, 562 U.S. 545, 560 (2011) (defining "collateral review"

24

for purposes of § 2244(d)(2) as "judicial review that occurs in a proceeding outside of the direct review process").

Likewise, petitioner's untimely PRP does not toll the federal statute of limitations because the state courts concluded that the PRP was untimely under state law, and therefore, cannot be deemed "properly filed." *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a prisoner's post-conviction petition that was rejected by the state court as untimely was not "properly filed" for purposes of § 2244(d)(2) and the prisoner was not entitled to statutory or equitable tolling of the federal statute of limitations). And the fact that the Washington Supreme Court also denied the PRP on the merits does not prevent his PRP from being considered improperly filed. *See Carey v. Saffold,* 536 U.S. 214, 225-26 (2002) (holding that state court alternative rulings did not make petition timely, and thus "properly filed," under state law).

Consequently, neither the motion to recall the mandate nor the PRP triggered statutory tolling of the petition pursuant to § 2244(d)(2).

**C. Equitable Tolling**

Petitioner argues that his petition is subject to equitable tolling "given the unconscionable abandonment of Mr. Harrison." Dkt. 18 at 2.

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544, U.S. at 418). The Supreme Court's decision in *Holland* references several lower court cases where an attorney's unprofessional conduct was egregious and constituted extraordinary circumstances that justified equitable tolling. *See id.* These cases involved a persistent lack of communication, failure to return the

1  client's files, among other serious forms of professional misconduct. *Id.* at 651. An attorney's

2  "virtual abandonment" of a client may constitute an extraordinary circumstance because "under

3  agency principles, a client cannot be charged with the acts or omissions of an attorney who has

4  abandoned him." *Maples v. Thomas,* 132 S. Ct. 912, 923 (2012) (procedural default excused

5  because a petitioner's two lawyers left the firm at which they were employed and took

6  employment positions that disabled them from representing the petitioner, failed to tell the

7  petitioner of that change of employment, failed to inform the court, and failed to get a new

8  attorney for the petitioner—the combined effect of which was to leave the petitioner unaware

9  that he had no attorney representing him); *see also Spitsyn v. Moore,* 345 F.3d 796, 800 (9th Cir.

10 2003). By contrast, attorney negligence such as missing a filing deadline does not warrant

11 equitable tolling. *Holland,* 560 U.S. at 651-52 (internal citation omitted); *Irwin v. Dept. of*

12 *Veteran Affairs,* 498 U.S. 89, 96 (1990).

13      Petitioner argues that Mr. Harrison abandoned him, failed to file his PRP, and federal

14 habeas petition. Dkts. 8, 9, 18. Petitioner argues he was "totally abandoned by his *pro-bono*

15 attorney despite multiple assurances that his interests were being protected. [Petitioner's] family

16 was vigilante in seeking updates from Mr. Harrison, but he became less and less available until

17 he became totally unresponsive." Dkt. 8 at 15. Petitioner submits evidence that the Washington

18 State Bar Association's Disciplinary Board cited nine other instances of similar abandonment by

19 Mr. Harrison before Mr. Harrison resigned in lieu of disbarment. Dkt. 8 at 17-20, 29-49.

20      In response to the Court's order to file supplemental briefing on whether Mr. Harrison was

21 retained to represent petitioner in his federal habeas petition, petitioner did not file a brief, but

22 instead filed declarations from himself and Sandie Barry. Dkts. 21, 22. These new declarations

23 are substantially similar to those filed with the petition, *see* Dkt. 8 at 17-20, but now, petitioner

24

1 states that "[d]uring our conversations [Mr. Harrison] told me that he [w]as continuing to

2 represent me in my federal habeas petition." Dkt. 21. Petitioner did not submit any

3 documentation of an agreement or explanation of why there was no agreement or any additional

4 correspondence between himself and Mr. Harrison. *See* Dkt. 21, 22. Although the record on this

5 issue is sparse, construing this evidence in support of petitioner, the Court concludes that Mr.

6 Harrison agreed to represent petitioner in his federal habeas proceedings. *See Brock v. Weston,*

7 31 F.3d 887, 890 (9th Cir. 1994) (emphasizing district court's obligation liberally to construe

8 habeas corpus petitions).

9       The Court in no way condones Mr. Harrison's actions. As demonstrated by the findings of

10 the Disciplinary Counsel for the Washington State Bar Association and Mr. Harrison's

11 resignation, Mr. Harrison's actions were inexcusable and demonstrate that he is not fit to practice

12 law. *See* Dkt. 8 at 49. However, it is not necessary to resolve the issue of whether Mr. Harrison's

13 actions constituted an extraordinary circumstance which warrants equitable tolling because even

14 if petitioner is correct, the time that is equitably tolled is not enough to make the instant federal

15 habeas petition timely. Mr. Harrison's abandonment and failure to file a federal habeas petition

16 would equitably toll the AEDPA statute of limitations from September 2, 2015 (the date it started

17 running) to June 22, 2017, the date that petitioner discovered Mr. Harrison's abandonment.

18       On June 22, 2017, through his current counsel, Mr. Arbenz, petitioner elected to continue

19 to pursue his remedies in state court by filed a motion to recall the mandate. Dkt. 17, Exhibit 11.

20 In that motion, petitioner argued that he retained Mr. Arbenz on or about September 29, 2016 to

21 investigate "what was going on" with case, Mr. Harrison abandoned him, and Mr. Harrison had

22 been suspended by the state bar association for similar conduct with other clients. Dkt. 17,

23 Exhibit 11. Petitioner acknowledged that no collateral attack had been filed. *Id.*  Thus, as of June

24

22, 2017, it is clear that petitioner knew that Mr. Harrison had not filed a state PRP or federal habeas corpus petition. *See id.* Petitioner knew about Mr. Harrison's abandonment and put an end to it by obtaining new counsel and filing a motion to recall the mandate. Therefore, once petitioner knew that Mr. Harrison was no longer representing him, which was at the latest, June 22, 2017, petitioner's obligation to act diligently on his behalf resumed and any period of equitable tolling ended. *See Rudin v. Myles,* 766 F.3d 1161, 1172 n. 15 (9th Cir. 2014) (Ordinarily, petitioners are bound by their attorney's errors, because the attorney acts as an agent. Attorney abandonment severs the relationship and the attorney's omissions are no longer attributed to the client); *Maples v. Thomas,* 132 S.Ct. 912, 922, 924 (2012) (petitioner could not "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him.").

The AEDPA statute of limitations expired one year later on June 22, 2018. However, petitioner did not file his petition until December 5, 2018, which was over five months after the limitations period ended. Dkt. 1. Petitioner has failed demonstrate any basis for equitable tolling after June 22, 2017. Based on the record before the Court, it appears that petitioner, through his current counsel, Mr. Arbenz, made the decision to pursue petitioner's remedies in state court, in lieu of filing a federal habeas petition. *Maples,* 132 S.Ct. at 923 (the attorney is the petitioner's agent and as such, bears the risk of conduct on behalf of his agent unless the attorney abandons the client without notice). Petitioner does not allege that his current counsel abandoned him, and it does not appear from the record before the Court that Mr. Arbenz's conduct was either egregious nor constituted abandonment. Rather, Mr. Arbenz continues to represent petitioner in this federal habeas petition. *See* Dkt. Petitioner does not assert any other basis for equitable

tolling, and the Court is not aware of any. *See* Dkts. 9, 18. Thus, even applying Mr. Harrison's abandonment and equitable tolling principles to petitioner's case, the petition is still untimely.

Accordingly, the Court recommends that the petition be dismissed with prejudice as time-barred. Based on the foregoing, the Court declines to consider respondent's alternative arguments that the petition is unexhausted and procedurally barred or should be dismissed on the merits.

CERTIFICATE OF APPEALABILITY

Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

CONCLUSION

The Court recommends dismissing the petition with prejudice as time-barred. The Court finds that it is not necessary to hold an evidentiary hearing and petitioner is not entitled to a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

1 | 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
2 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
3 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
4 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
5 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6 | November 1, 2019 as noted in the caption.
7 |       Dated this 7th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12