UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EUGENE BARRY,

                              Petitioner,

        v.

GARY SIMPSON,

                              Respondent.

CASE NO. C18-6003 BHS

ORDER ADOPTING IN PART
AND MODIFYING IN PART
REPORT AND
RECOMMENDATION AND
ISSUING A PARTIAL
CERTIFICATE OF
APPEALABILITY

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 24, and

Petitioner Robert Eugene Barry's ("Barry") objections to the R&R, Dkt. 25.

On October 7, 2019, Judge Creatura issued the R&R recommending that the Court

dismiss Barry's petition as time-barred. Dkt. 24. Judge Creatura concluded that even if

Barry was granted equitable tolling for the period of his prior attorney's malpractice, he

fails to establish an entitlement to either statutory or equitable tolling for the period of

time between when he became aware of that malpractice, June 22, 2017, to when he filed

this petition, December 5, 2018. *Id.* On October 21, 2019, Barry filed objections. Dkt.

25. On October 23, 2019, the State replied. Dkt. 26.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Barry objects to the R&R arguing that he is entitled to statutory tolling for the period of time that he filed for relief in state court from June 22, 2017 to December 5, 2018. Dkt. 25. The State argues that Barry is not entitled to statutory tolling because the state courts denied his filings as time-barred, which means the filings were not "proper" as defined in 28 U.S.C. 2254(d)(2). Dkt. 26. The Court agrees on the issue of statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

The Court, however, is aware of authority for the proposition that attorney misconduct that rises to the level of disbarment is sufficient to establish equitable tolling for both the period of the misconduct and the period in which a petitioner attempts to exhaust his time-barred claims in state court. In *Valenzuela v. Small*, 692 F. App'x 409 (9th Cir. 2017) the majority concluded as follows:

> [The attorney's] conduct was sufficiently extraordinary to justify equitable tolling not only for the period of his representation, but also for the period (from November 6, 2008 to July 8, 2009) in which [the petitioner's] properly filed pro se petitions were pending before the California Court of Appeal and the California Supreme Court. [The petitioner's] federal filing was thus timely.

*Id.* at 410.  The undersigned did not agree with that conclusion.  *See id.* (Settle, J., concurring) ("In my view, the impediment that stood in [the petitioner's] way from November 6, 2008 to July 8, 2009 was the absence of an exhausted claim.").  Regardless, applying the majority's conclusion to Barry's facts, the Court concludes that Barry has not established an entitlement to equitable tolling because he was represented by counsel during the relevant period and could have filed a protective petition for his unexhausted claims while he pursued relief in state court.  *See id.* ("our circuit recently held that district courts may accept petitions asserting only unexhausted claims.") (citing *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016)).  Therefore, the Court concludes that Barry is not entitled to equitable tolling from June 22, 2017 to December 5, 2018 while he pursued state court relief because there was no impediment to his timely filing of this federal petition.

Regarding a certificate of appealability, the Court concludes that Barry is entitled to a certificate of appealability on the sole issue of equitable tolling for the period after he became aware of his attorney's misconduct because jurists of reason have disagreed and could disagree on this issue.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Therefore, the Court having considered the R&R, Barry's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED in part** and **MODIFIED in part**;

(2)     Barry's petition is **DISMISSED** as time-barred;

(3)     A Certificate of Appealability is **GRANTED** on the sole issue of whether

Barry is entitled to equitable tolling from June 22, 2017 to December 5,

2018 while he pursued state court relief and **DENIED** as to all other issues; and

(4)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 24th day of January, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge