UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EUGENE BARRY,

                Petitioner,

    v.

STATE DEPARTMENT OF CORRECTIONS, et al.,

                Respondents.

CASE NO. C18-6003 BHS

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

       This matter comes before the Court on Petitioner Robert Eugene Barry's ("Barry") motion for leave to proceed *in forma pauperis* ("IFP") on appeal. Dkt. 29. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

       On December 5, 2018, Barry filed a petition for writ of habeas corpus. Dkt. 1. On October 7, 2019, the Honorable J. Richard Creatura, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Court dismiss Barry's petition as time-barred. Dkt. 24. Judge Creatura concluded that even if Barry was granted equitable tolling for the period of his prior attorney's malpractice, he failed to establish an entitlement to either statutory or equitable tolling from the time he became aware of that malpractice, June 22, 2017, to the date he filed his federal habeas petition, December 5, 2018. *Id.* On October 21, 2019, Barry filed objections. Dkt. 25.

On January 24, 2020, the Court adopted the R&R in part and adopted it as modified in part, concluding that "Barry is not entitled to equitable tolling from June 22, 2017 to December 5, 2018 while he pursued state court relief because there was no impediment to his timely filing of this federal petition." Dkt. 27 at 3. However, the Court also concluded that Barry was entitled to a certificate of appealability on the issue of equitable tolling for the period of time after he became aware of his attorney's misconduct because reasonable jurists have and could disagree on the issue. *Id.* (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court entered judgment the same day. Dkt. 28.

On February 21, 2020, Barry appealed to the Ninth Circuit Court of Appeals, Dkt. 30, and filed a motion for leave to proceed IFP, Dkt. 29.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). "[A]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The determination whether a party can proceed IFP is a "matter within the discretion of the trial court." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963).

In this case, Barry has met the requirements to proceed IFP. First, Barry submitted an affidavit of indigency listing his monthly income and expenses. Although Barry does own a home and receives Social Security in an amount indicating some ability to pay a filing fee on appeal, he explains that he is retired, and that his expenses largely subsume any income he receives. Moreover, he states that he has recently been diagnosed with

cancer and therefore must maintain some of his income to pay future medical costs. Under these circumstances, Barry has shown that he is unable to pay the filing fee required for appeal.

Second, Barry has shown that his appeal is taken in good faith. The Court has found that reasonable jurists could disagree on the equitable tolling issue Barry presented in his habeas petition and granted him a certificate of appealability on that issue. Because Barry is indigent and presents a colorable issue for appeal, the Court concludes that this is an appropriate case to exercise its discretion and grant his motion.

Therefore, it is hereby **ORDERED** that Barry's motion for leave to proceed IFP on appeal, Dkt. 29, is **GRANTED.**

Dated this 26th day of February, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge